UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| KELIIHULUHULU: ALFRED SPINNEY KANAKA-MAOLI HAWAIIAN;<br><br>            Plaintiff,<br><br>     vs.<br><br>NORMAN A. KEANAAINA, TUPOU VI, SEMISI FONUA, ROBERT D. TRIANTOS, RICHARD RAMIREZ, MICHELLE C. DICKINSON, JEAN KEKA, FINE TEUTAU, PATRICK KAWAI, TYLER MENO, ASA TEUTAU, SIONE FILIKITONGA, MASTER FALAU, SAMUELA TATOFI, HARRY KIM, RENEE SONOBE HONG,  DOE DEFENDANTS 1-10000, MAASI TEUTAU, LEROY COLOMBE, MAAKI TEATAU, DEANNA S. SAKO, PAUL FERRIERA, SALESI HE-I-LIKU TONGA,<br><br>            Defendants. | CIV. NO. 19-00417 LEK-WRP |

**ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT AND
DENYING PLAINTIFF'S PENDING MOTION AND APPLICATIONS**

On August 5, 2019, pro se Plaintiff Alfred Spinney Keliihuluhulu ("Plaintiff") filed his "First Amended Complaint and Emergency Ex-Parte Request for Injunction Enjoining Defendants Wrongdoers from Entering upon the Easement of Royal Patent Grant 990 to Kapaiki." [Dkt. no. 5.]  This document is construed as both Plaintiff's operative pleading ("Amended Complaint") and a motion for a temporary restraining order ("TRO Motion").  Also before the Court are: Felise Auaea's Application

to Intervene, filed on August 2, 2019; Leitu Ramirez's Application to Intervene, filed on August 2, 2019; Lorna Pikake Spinney's Application to Intervene, filed on September 3, 2019; Tina Wilson's Application to Intervene, filed on September 13, 2019; Cynthia Kamanawa-Cisneros's Application to Intervene, filed on September 13, 2019; and Julia Kamanawa-Kala's Application to Intervene, filed on September 13, 2019 (collectively "Applications"). [Dkt. nos. 2, 3, 25, 30, 31, 32.[1]] The Court finds the TRO Motion and the Applications suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").

On August 6, 2019, an entering order was issued informing the parties of the Court's rulings on the TRO Motion and the Applications pending at that time. [Dkt. no. 8.] The instant Order supersedes that entering order. For the reasons set forth below, Plaintiff's Amended Complaint is dismissed without prejudice, Plaintiff's TRO Motion is denied without prejudice, and the Applications are denied without prejudice.

---

[1] On September 13, 2019, Lorna Pikake Spinney filed a supplement to her Application to Intervene, and Leitu Ramirez filed a supplemental affidavit in support of her Application to Intervene. [Dkt. nos. 28, 29.]

2

In other words, Plaintiff is allowed to file a second amended complaint to cure the defects identified by this Court, and the TRO Motion and the Applications can be refiled after Plaintiff files his second amended complaint.

**BACKGROUND**

According to the Amended Complaint, Kapaiki received a land grant from the Hawaiian Government ("Kapaiki Grant") on December 31, 1852. [Amended Complaint at 9, ¶ II.2.1; id., Exh. A (Kapaiki Grant).] On June 7, 1870, Kaonohimaka recorded a claim to use the property conveyed in the Kapaiki Grant ("Property" and "Kaonohimaka Claim"). [Amended Complaint at 9, ¶ II.2.2; id., Exh. B.] On June 13, 1889, the Kaonohimaka Claim was conveyed to the Board of the Hawaiian Evangelical Association ("HEA Board"), and the conveyance ("HEA Deed") contained the reservation: "'To have this piece of land with all its benefits and easements to the Board of the Hawaiian Evangelical Association, its successors and assigns for the good and benefit of the Protestant Church of Kekaha, North Kona, Hawaii, forever." [Amended Complaint at 9-10, ¶ II.2.3 (quoting Amended Complaint, Exh. C (HEA Deed, recorded in State of Hawai`i Bureau of Conveyances ("BOC")))).] Plaintiff refers to this provision of the HEA Deed as the "'our good and benefit' easement" ("Beneficial Easement"). [Id. at 9, ¶ II.1.]

Plaintiff and others, who are apparently part of Ka Ekalesia Ho`ole Pope o Kekaha ("Ka Ekalesia"), assert they own the Beneficial Easement. [Id. at 10-11, ¶¶ II.2.7 & II.2.10.] Plaintiff asserts Ka Ekalesia's ownership of the Beneficial Easement has been "undisputed for at least the past 130 years." [Id. at 10, ¶ II.2.7.] The Property allegedly subject to the Beneficial Easement currently holds: Ka Ekalesia's three "185 year old church buildings"; [id. at 11, ¶ II.2.11.a;] gardens; animals; schools; church services; Plaintiff's homes; and the homes of others, [id., ¶¶ II.2.11.b-f].

A Tax Deed in which Deanna S. Sako, Director of Finance for the County of Hawai`i ("the County"), as grantor, conveyed the Property to the Free Church of Tonga-Kona ("FCTK"), as grantee, was recorded in the BOC on June 2, 2016. [Amended Complaint, Exh. D.] Plaintiff contends the Tax Deed conveyed the Property, but not the Beneficial Easement. [Amended Complaint at 10, ¶ II.2.8.] Plaintiff and Ka Ekalesia do not assert ownership of the Property, but Plaintiff argues the defendants in the instant case have never proven that the Tax Deed extinguishes the Beneficial Easement.[2] [Id. at 11, ¶¶ II.2.12-13.]

---

[2] The defendants identified in the Amended Complaint are Norman Akahai Keanaaina, Semisi Fonua, Sione Filikitonga, Salesi He-i-liku Tonga, Samuela Tatofi, Patrick Kawai, Maasi Teutau,
(. . . continued)

Plaintiff argues he never received any notice that: the Beneficial Easement was subject to taxation by the County; or the County's tax sale of the Property extinguished the easement. [Id., ¶¶ II.2.14-15.] He further contends no law required the payment of taxes to the County for the Beneficial Easement. However, Plaintiff and Ka Ekalesia did not have the right to redeem the ownership of the Property when it was sold by the County at a tax sale after the owner of the Property defaulted on taxes owed to the County. [Id. at 12, ¶¶ II.2.16-17.]

Plaintiff alleges one or more Defendants are trespassing on the Beneficial Easement, and have been constantly doing so since at least 2016. [Id., ¶¶ II.2.18-19.] Those defendants have locked Plaintiff and others out of Ka Ekalesia's church building since April 7, 2018. Those defendants have also: destroyed gardens; threatened to force Plaintiff's neighbors out of their homes; stolen, destroyed, or damaged the personal property and possessions of the Ka Ekalesia members; dumped rubbish on the Property; removed minerals from the Property; threatened Plaintiff; and terrorized Plaintiff's

---

Richard Ramirez, Fine Teutau, Jean Keka, Tyler Meno, A. Tanaka, Robert D. Triantos, Michelle C. Dickinson, Harry Kim, Paul Ferriera, Renee Sonobe Hong, Deanna S. Sako, Leory Colombe, Maake Teutau, Tupou VI ("Defendants"). [Amended Complaint at 2-6, ¶¶ 1-19.]

5

family and his neighbors' families. [Id., ¶ II.2.19.] Plaintiff apparently alleges Defendants Fine Teutau, Richard Ramirez, and Jean Keka are the primary wrongdoers, and Defendants Patrick Kawai, Tyler Meno, and other unidentified persons are protecting them. However, Plaintiff asserts all Defendants are responsible for the trespass and the theft and/or damage to the personal property and possessions of the Ka Ekalesia members. [Id.]

According to Plaintiff, Defendants Richard Ramirez, Patrick Kawai, Fine Teutau, Asa Teutau, and other unidentified persons threatened and forcibly removed Plaintiff's neighbors Leitu Ramirez and Kahu (Reverend) Felise Auaea and their families from the Property. [Id. at 13, ¶ II.2.19.] Plaintiff states Defendants threatened to remove him and his family within a week and, based on what Defendants have done in the past, he believes they will carry out these threats. [Id.]

The Amended Complaint seeks an order ruling that: 1) the Tax Deed is subject to the Beneficial Easement in the HEA Deed; and 2) Defendants do not own the Beneficial Easement. [Id. at 13-14, ¶ III.] Plaintiff also seeks an injunction preventing Defendants and other wrongdoers from entering on to the Property that is subject to the Beneficial Easement. Finally, Plaintiff asks this Court to investigate the fact

6

alleged in the Amended Complaint, hold a hearing on damages, and to order any appropriate relief. [Id. at 14-15, ¶ III.]

## DISCUSSION

The Court understands that the TRO Motion goes to the heart of where Plaintiff, his family, and his community will live. However, before this Court can consider whether Plaintiff is entitled to a TRO, this Court must determine whether there is a legal basis for this Court to assert jurisdiction over the claims in Plaintiff's Amended Complaint.

## I. Jurisdiction Asserted in the Amended Complaint

### A. Arguments Based on Plaintiff's Status as Chief

Plaintiff asserts he is a "chief" of the Hawaiian Islands, *i.e.* the Kingdom of the Hawaiian Islands. [Id. at 1-2.] Based on his status as a chief, he asserts there is federal jurisdiction over the instant case based on 28 U.S.C. § 1350, and based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332. [Id. at 7, ¶¶ I.A-B.]

Section 1350 states: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."[3] Section 1332(a) states:

---

[3] Plaintiff asserts violations of "International Law and Customary International Law," "The Law of Nations, or Principles of the Law of Nature, Applied to the Conduct and Affairs of
(. . . continued)

7

> The district courts shall have original
> jurisdiction of all civil actions where the
> matter in controversy exceeds the sum or value of
> $75,000, exclusive of interest and costs, and is
> between–
>
>> (1)  citizens of different States;
>>
>> (2)  citizens of a State and citizens or
>> subjects of a foreign state, except that the
>> district courts shall not have original
>> jurisdiction under this subsection of an
>> action between citizens of a State and
>> citizens or subjects of a foreign state who
>> are lawfully admitted for permanent
>> residence in the United States and are
>> domiciled in the same State;
>>
>> (3)  citizens of different States and in
>> which citizens or subjects of a foreign
>> state are additional parties; and
>>
>> (4)  a foreign state, defined in section
>> 1603(a) of this title, as plaintiff and
>> citizens of a State or of different States.

Plaintiff apparently asserts that, as a chief of the Kingdom of the Hawaiian Islands, he is an alien for purposes of § 1350 and a "citizen[] or subject[] of a foreign state" for purposes of § 1332(a)(2).  However, the Kingdom of Hawai`i is not a sovereign, foreign state.

> As stated by the Hawai`i Intermediate Court of
> Appeals ("ICA"), a statement that is as true now
> as it was when the ICA stated it in 1994,
> "presently there is no factual (or legal) basis

---

Nations and Sovereigns," and the "Convention on the Prevention and Punishment of the Crime of *Genocide."  [Amended Complaint at 8, ¶¶ I.F, G., H.]  These are not independent sources of federal jurisdiction, but rather matter that federal courts may have jurisdiction over pursuant to § 1350.

8

> for concluding that the [Hawaiian] Kingdom exists
> as a state in accordance with recognized
> attributes of a state's sovereign nature."
> Hawaii v. French, 77 Haw. 222, 228, 883 P.2d 644,
> 650 (Ct. App. 1994) (quotations omitted).

U.S. Bank Tr., N.A. for LSF8 Master Participation Tr. v. Fonoti, Civil No. 18-00118 SOM-KJM, 2018 WL 3433295, at *10 (D. Hawai`i June 29, 2018) (alteration in Fonoti), *report and recommendation adopted*, 2018 WL 3431923 (July 16, 2018). Therefore, Plaintiff is not an alien for purposes of § 1350, and he is not a "citizen[] or subject[] of a foreign state" for purposes of § 1332(a)(2).

Even if Plaintiff's Amended Complaint is interpreted as asserting diversity jurisdiction based on § 1332(a)(1), his argument fails. Thus, it appears that Hawai`i is Plaintiff's domicile.

> 28 U.S.C. § 1332, speaks of citizenship . . . .
> To be a citizen of a state, a natural person must
> first be a citizen of the United States. Newman-
> Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826,
> 828, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989).
> The natural person's state citizenship is then
> determined by her state of domicile, not her
> state of residence. A person's domicile is her
> permanent home, where she resides with the
> intention to remain or to which she intends to
> return. See Lew v. Moss, 797 F.2d 747, 749 (9th
> Cir. 1986).

Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff does not clearly allege whether he is, or is not, a United States citizen. See Amended Complaint at 2 ("My race is

kanaka-maoli. My ancestors do not come from the place known today as State of Hawaii."). The Complaint does allege Plaintiff's permanent home is in Hawai`i, specifically on the Property. See, e.g., Amended Complaint at 1; id. at 13, ¶ II.2.19. Based on the allegations of the Amended Complaint, Plaintiff's domicile is Hawai`i.

Section 1332(a) "requires 'complete diversity' of citizenship, meaning that 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" Demarest v. HSBC Bank USA, N.A., 920 F.3d 1223, 1226 (9th Cir. 2019) (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996)), *cert. petition docketed* (U.S. Aug. 13, 2019). Based upon the allegations of the Amended Complaint, almost all of the defendants are citizens of the State of Hawai`i. See Amended Complaint at 2-6, ¶¶ 1-19. Thus, if Plaintiff is a United States citizen, he is a citizen of Hawai`i, and complete diversity of citizenship would be lacking. If Plaintiff's position is that he is a "citizen[] or subject[] of a foreign state[, other than the Kingdom of Hawai`i,] who [is] lawfully admitted for permanent residence in the United States," this Court does not have original jurisdiction because of Plaintiff's common domicile with most of the defendants. See § 1332(a)(2).

Neither jurisdiction under § 1350 nor diversity jurisdiction under § 1332(a) exists in this case.

**B.    Federal Question Jurisdiction**

Plaintiff also asserts federal question jurisdiction, pursuant to 28 U.S.C. § 1331.[4]  [Amended Complaint at 7, ¶ I.C.] Plaintiff alleges Defendants' actions violate 18 U.S.C. § 1091, which establishes criminal penalties for genocide.  [Amended Complaint at 8, ¶¶ I.E, I.H.]  However, an individual who asserts he is a victim of genocide does not have a private right of action under § 1091.  18 U.S.C. § 1092 ("nor shall anything in this chapter be construed as creating any substantive or procedural right enforceable by law by any party in any proceeding"); see also Saleem v. Helman, No. 96-2502, 1997 WL 527769, at *2 (7th Cir. Aug. 21, 1997) ("Nothing in § 1091 suggests that Congress intended to create a private right of action.").  Thus, this Court rejects Plaintiff's argument that the alleged violations of § 1091 raise a federal question, which gives rise to jurisdiction pursuant to § 1331.

Plaintiff also asserts the instant case raises a federal question because Defendants have violated United States v. Libellants & Claimants of the Schooner Amistad ("Amistad"),

---

[4] Section 1332 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

11

40 U.S. 518 (1841). [Amended Complaint at 8-9, ¶ I.I.] Amistad primarily addressed the status of persons – who were allegedly slaves of Spanish subjects – aboard a vessel that was libelled for salvage in the District of Connecticut. 40 U.S. at 587-88. There are no factual similarities between Amistad and the instant case, and there is no legal rule announced in Amistad which gives rise to a federal question in this case.

In its essence, Plaintiff's Amended Complaint appears to assert a trespass claim and a quiet title claim. See, e.g., Amended Complaint at 12, ¶ II.2.18; id. at 13, ¶ III (seeking an order stating Defendants do not own the Beneficial Easement). Both trespass and quiet title are state law claims. See, e.g., Carpenter v. PNC Bank, N.A., 386 F. Supp. 3d 1339, 1347 (D. Hawai`i 2019) (citing Hawai`i case law for the elements of a quiet title claim); Lake v. Ohana Military Cmtys., LLC, CIVIL 16-00555 LEK-KJM, 2017 WL 4560123, at *2 (D. Hawai`i Oct. 12, 2017) (stating the plaintiffs' trespass claim was a claim under Hawai`i law). Because Plaintiff does not allege a claim that arises federal Hawai`i law, there is no federal question jurisdiction in the instant case.

C. **Summary**

Neither § 1350 jurisdiction, diversity jurisdiction, nor federal question jurisdiction exist in this case.

12

Plaintiff's Amended Complaint is therefore dismissed for lack of subject matter jurisdiction.

## II. Rooker-Feldman

Even if there was federal question jurisdiction or diversity jurisdiction in the instant case, it would be improper for this Court to rule on the merits of Plaintiff's claims because such a ruling would be impermissible under the Rooker-Feldman doctrine. See Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003); see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Ninth Circuit had stated:

> Rooker–Feldman is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments: If claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction. See Feldman, 460 U.S. at 483 n.16 & 485, 103 S. Ct. 1303. Simply put, "the United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings." Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986).

Bianchi, 334 F.3d at 898.

The FCTK appears to have filed multiple actions in the State of Hawai`i, District Court of the Third Circuit, that are

13

related to the Property at issue in Plaintiff's Complaint. Among those actions are an ejectment and possession action against Plaintiff and a similar action against Ka Ekalesia. See, e.g., Free Church of Tonga-Kona v. Keliihuluhulu, et al., No. 3RC18-1-00089K ("18-00089"); Free Church of Tonga-Kona v. Ekalesia Ho`ole Pope O Kekaha, No. 3RC18-1-00106K ("18-00106"). According the state court's dockets, the FCTK obtained a judgment for possession in 18-00089 on April 10, 2018, and it obtained a judgment of possession in 18-00106 on December 4, 2018. A notice of appeal was filed in 18-00089 on April 26, 2018, and that appeal is still pending. Multiple notices of appeal were filed in 18-00106 on January 4, 2019, but each of the 18-00106 appeals has since been dismissed. One of the 18-00106 appeals was filed by Plaintiff. His appeal was dismissed for lack of appellate jurisdiction because Plaintiff was not a party to 18-00106. Free Church of Tonga-Kona v. Ekalesia Ho`ole Pope O Kekaha, NO. CAAP-19-0000005, 2019 WL 2285359 (Hawai`i Ct. App. May 28, 2019).

Plaintiff's claims in the instant case improperly seek federal court review of the state court's decisions in 18-00089 and 18-00106. See Worldwide Church of God, 805 F.2d at 890. Further, Plaintiff's claims in the instant case are "inextricably intertwined" with the issues addressed in 18-00089 and 18-00106. See Feldman, 460 U.S. at 483 n.16. Thus, even if

14

there were federal question jurisdiction or diversity jurisdiction in the instant case, the Rooker-Feldman doctrine would require the dismissal of Plaintiff's Amended Complaint for lack of subject matter jurisdiction. See id. at 485.

**III. Leave to Amend**

Plaintiff's Amended Complaint has been dismissed for lack of subject matter jurisdiction. The dismissal must be without prejudice because it is arguably possible for Plaintiff to amend his claims to cure the defects identified in this Order. See Garity v. APWU Nat'l Labor Org., 828 F.3d 848, 854 (9th Cir. 2016) ("Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (alteration, citation, and internal quotation marks omitted)). Plaintiff will therefore be allowed to file a second amended complaint. Plaintiff is ordered to file his second amended complaint by **October 17, 2019**.

Plaintiff is cautioned that his second amended complaint must state all of his claims as well as all of the factual allegations, exhibits, and legal theories that these claims rely upon. Plaintiff cannot rely upon or incorporate by reference any portion of his original complaint or his Amended Complaint. This Court will not consider Plaintiff's second

15

amended complaint collectively with his prior filings in this case. Further, Plaintiff is not allowed to add any new claims, parties, or theories of liability in the second amended complaint. If he wishes to do, he must file a motion for leave to amend, and that motion will be considered by the magistrate judge.

Plaintiff is cautioned that, if he fails to file his second amended complaint by **October 17, 2019**, his claims will be dismissed with prejudice. In other words, Plaintiff will no longer have any claims remaining in this case, and the case will be closed. Further, if Plaintiff's second amended complaint fails to address the defects identified in this Order, his claims may be dismissed with prejudice.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Amended Complaint, filed August 5, 2019, is HEREBY DISMISSED WITHOUT PREJUDICE. Plaintiff is ORDERED to file his second amended complaint by **October 17, 2019**. The second amended complaint must comply with the terms of this Order.

Further, Plaintiff's TRO Motion, filed August 5, 2019; Felise Auaea's Application to Intervene, filed August 2, 2019; Leitu Ramirez's Application to Intervene, filed August 2, 2019, as supplemented on September 13, 2019; Lorna Pikake Spinney's Application to Intervene, filed September 3, 2019, as

16

supplemented on September 13, 2019; Tina Wilson's Application to Intervene, filed September 13, 2019; Cynthia Kamanawa-Cisneros's Application to Intervene, filed September 13, 2019; and Julia Kamanawa-Kala's Application to Intervene, filed September 13, 2019, are HEREBY DENIED WITHOUT PREJUDICE.  The TRO Motion and the Applications may be refiled after Plaintiff files his second amended complaint.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAI`I, September 17, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KELIIHULUHULU, ET AL. VS. KEANAAINA, ET AL; CV 19-00417 LEK-WRP; ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S PENDING MOTION AND APPLICATIONS**